## CAMPBELL *v.* HIGH.

### Opinion delivered February 13, 1928.

COUNTIES—CONTRACT FOR CONSTRUCTION OF COURTHOUSE.—In a taxpayers' suit to enjoin the county judge and the courthouse commissioners from proceeding under contract for the construction of a courthouse, the contract having been let pursuant to statute, *held* that the contract was valid and binding in the absence of fraud or collusion between the commissioners and the contractor, as against the taxpayers' contention that the building could be erected for less money.

Appeal from Lonoke Chancery Court; *Frank H. Dodge,* Chancellor; affirmed.

*Coleman & Riddick* and *Pat L. Robinson,* for appellant.

*Buzbee, Pugh & Harrison* and *Charles A. Walls,* for appellee.

HART, C. J. Appellants, as taxpayers of Lonoke County, brought this suit in equity against E. M. High, as county judge of said county, and certain other persons as courthouse commissioners, to enjoin them from proceeding further in the erection of a courthouse and in the issuance of warrants for the payment thereof. The chancery court found the issues in favor of the defendants, and the case is here on appeal.

In *Kirk* v. *High,* 169 Ark. 152, 273 S. W. 389, 41 A. L. R. 782, it was held that a provision of Constitutional

Amendment No. 11, that no county court or other county agent shall make any contract in excess of the revenue from all sources during the fiscal year in which the contract is made, does not forbid contracting for courthouses unless the total cost of construction can be paid out of the revenue of a single year, if payments can be so arranged that the total expenditure of the year shall not exceed its revenues. This holding was reaffirmed in the later cases of *Ivy* v. *Edwards,* 174 Ark. 1167, 298 S. W. 1006, and *Lake* v. *Tatum,* 175 Ark. 90, 1 S. W. (2d) 554.

It is conceded by counsel for the plaintiffs that all the issues raised by the complaint, except one, are settled against them by the decision in the cases just cited. We have examined the complaint, and find that all the issues raised except one have been decided adversely to plaintiffs in these cases, and no useful purpose could be served by restating the issues and again giving our reasons for so holding.

The main reliance for reversal of the decree is that the court erred in not sustaining the following allegation of the complaint:

"Third. That the consideration provided for by the contract was fraudulently fixed at an exorbitant amount to include carrying charges or interest, because of the fact that the consideration is to be paid in warrants maturing in the future over a number of years, instead of in cash. That said contract calls for the payment of $199,500, but that the cost of said courthouse and jail, if paid for in cash, would not exceed the sum of $150,000.''

The answer of defendants denies that there was any fraud or collusion entered into between them and the contractor for the construction of the courthouse. They aver that they let the contract at public auction, pursuant to the provisions of the statute, to the lowest bidder, and that the Herman & McCain Construction Company was the lowest bidder of five contractors who submitted bids. The defendants let the contract for the construction of the courthouse to said construction company,

and said construction company proceeded in good faith to comply with their contract for the erection of said courthouse.

In *Stone* v. *Mayo,* 135 Ark. 130, 204 S. W. 752, it was held that, where a contract to build a county courthouse was let to the lowest bidder and there was no evidence of fraud or collusion between the contractor and the courthouse commissioners, there was a valid and binding contract between the parties. In discussing the principles of law governing cases of this sort, the court said:

"That case controls this. Here was a straight contract for the construction of the courthouse for $91,-806.90. There was no evidence of any collusion among the bidders to perpetrate a fraud on the court to have the contract let at a higher price because of the depreciated value of the county warrants, nor is there any testimony to warrant the conclusion that the county court entered into a collusion with the contractor to give him the contract at an increased price because the value of the county scrip was less than par. The fact that the bidders made inquiry and ascertained that the value of the county warrants was less than par and made their bid with such knowledge does not establish that there was a collusion between them to stifle the bidding and to defraud the court by securing a contract at a higher price on account of the depreciated value of the county warrants. There is no allegation that the county court, or its commissioner, or the bidder, in securing the contract, were guilty of fraud."

The principles of law announced in that case must govern the present one, there being no proof of fraud or collusion between the commissioners and the contractor. The decree was therefore correct, and will be affirmed.